THE DETROIT & SALINE PLANK-ROAD COMPANY V. JOHN
MAHONEY.

*Plank-road companies—Forcibly passing toll-gate—Penalty—Evidence.*

1. In a suit to recover the statutory penalty for forcibly passing a toll-gate without the payment of toll, evidence of an executory agreement between a city alderman and the directors of the toll road company to cease collecting toll on the portion of its road lying within the city limits, and to remove the gate in question, cannot be set up by the defendant as a defense.
2. The fact that a defendant thought a toll-gate which he forcibly passed was illegally maintained is no defense to a suit for the statutory penalty.

Error to Wayne. (Jennison, J.) Argued January 12, 1888. Decided January 19, 1888.

Case for penalty for illegally passing a toll-gate. Defendant brings error. Affirmed. The facts are stated in the opinion.

*James H. Pound (John W. McGrath,* of counsel), for appellant.

*H. E. Spaulding (C. A. Kent,* of counsel), for plaintiff.

LONG, J. This action was brought in justice's court in Wayne county to recover a penalty provided by sections 17 and 29, chap. 96, How. Stat., being an act authorizing the formation of plank-road companies.

The declaration alleges that the plaintiff was engaged in operating a plank-road running from the city of Detroit, in Wayne county, to Saline, in Washtenaw county, in the State of Michigan, and collecting tolls due for travel thereon at a certain toll-gate by it maintained on said road in the city of

Detroit; and that on October 1, 1886, defendant, with a carriage drawn by a horse, was then and there traveling over and upon said plank-road, and was liable to pay to plaintiff certain toll by such travel, and did then and there, though requested by the plaintiff to pay the same, refuse to pay said toll, and did not pay the same, but, against the order of the plaintiff, did then and there forcibly and illegally pass through with said horse and carriage the toll-gate of the plaintiff so maintained in the city of Detroit, contrary to the statute, etc.; by means whereof, and by force of sections 17 and 29, chap. 96, How. Stat., defendant then and there became liable to pay to plaintiff the sum of, to wit, $25, etc.

Defendant pleaded the general issue, and gave notice under said plea that he would insist upon, in his defense, and offer in evidence upon the trial of said cause, that the toll-gate mentioned in plaintiff's declaration was not, at the time of the alleged grievances in said plaintiff's declaration mentioned, a legal or lawful gate, and that said plaintiff is estopped from so insisting.

The cause was tried in justice's court and appealed to the circuit, and came on for trial in the circuit court for Wayne county on the ninth day of April, 1887.

Plaintiff introduced evidence showing that plaintiff was a corporation organized under the general plank-road law of 1848; that it was in possession of the Chicago road (so called) from Detroit to Saline; that its gate No. 1 was on Michigan avenue, at the corner of Vinewood, inside of the corporate limits of the city of Detroit; and that the line of plaintiff's road commences at a point east of gate No. 1, and extends out Michigan avenue westwardly towards Saline; that on October 29, 1886, defendant came through said gate No. 1 with a horse and wagon, coming in towards the city; that, toll being demanded of him by the gate keeper, he refused to pay; that he was ordered to stop, and would not stop till he

passed through the gate, and then stopped and refused to pay, claiming that Alderman Amos told him not to pay.

Defendant then called as a witness Ferdinand Amos, and offered to show by such witness that he was one of the aldermen of the Detroit city government, and one of the committee on streets of its board of aldermen, and that, in response to an invitation from the directors of the Detroit & Saline Plank-road Company, he met them as a board of directors in their usual place of doing business; that they agreed with him that in case he was able to get for the Detroit City Railway an enlarged franchise from the Detroit city government, whereby the said railway might lay a double track on Michigan avenue, and the city of Detroit would accept the care and charge of Michigan avenue from Twenty-fifth street to the present terminus of the city upon Michigan avenue, they, in consideration thereof, would immediately cease from collecting tolls on Michigan avenue within the city of Detroit, and remove their toll-gate without the corporate limits of the said city. That, relying upon said arrangement and agreement with the board of directors, and each of them, Mr. Amos procured the desired legislation, and the city of Detroit ratified his acts in that regard; that, notwithstanding that, the Detroit & Saline Plank-road Company refused to move out its toll-gate, which it had agreed to do by this agreement, or to cease from collecting tolls on the road inside the city of Detroit; that the city of Detroit, in its corporate capacity, in every respect complied with the agreement tendered by the board of directors of the Detroit & Saline Plank-road Company to the city of Detroit through this witness, and passed this legislation upon the statements of Mr. Amos to its legislative and executive departments of the city, and fully performed the agreements upon its part to be performed. The giving of such testimony by the defendant was objected to by plaintiff as incompetent, and was excluded by the court, to which ruling the

defendant excepted.　　Witness then testified that he advised defendant not to pay toll at that gate.

Defendant, being called as a witness in his own behalf, testified that he was a resident and tax payer in the city of Detroit; that it was not his intention to force the gate, but not to recognize it, as he understood it to be illegal.

The parties having rested their case, defendant requested the court to charge the jury:

"1. If the jury find that the defendant in good faith, believing the plaintiff had no right to charge toll, refused to pay the toll demanded, relying upon the information received by him, then plaintiff is not entitled to recover.

"2. The jury in assessing damages, if they believe the defendant in good faith refused the payment of the toll demanded by plaintiff's agents on the ground 'that they had no right to exact the same of a citizen within the city of Detroit,' may not assess any damages against defendant if they think this case is not one for the imposition of a penalty, as a penalty can never be incurred except where a party defiantly and knowingly incurs it."

These requests were refused by the court, and the court charged the jury as follows:

" It is not denied but that the defendant did go through this gate without authority, and that he refused to pay the toll.　　Now, gentlemen, I charge you that, under this act, he did forcibly and illegally pass this gate, and refuse to pay and that he comes within the penalty.　　*　　*　　*　　That penalty is a sum not exceeding twenty-five dollars.　　*　　* * 　　It is for you to say what that sum shall be; you must be the judges."

The jury having found a verdict for plaintiff, and judgment being entered thereon, the defendant brings error.

There are several assignments of error, but they all relate to the refusal of the court to permit defendant to introduce the testimony offered, the refusal by the court to give defendant's requests in his charge to the jury, and the charge of the court that the defendant did forcibly and illegally pass the plaintiff's gate, and did thereby incur some penalty, and in

directing the jury to find some amount of penalty against defendant.

The offer by the defendant to show the agreement made by Alderman Amos between the directors of the plaintiff and the city government of Detroit, for the use of the 'Detroit City Railway, was properly excluded by the court. It is not pretended that the company ever surrendered its right to take toll in the city, or removed its gate beyond the city limits. The contract offered to be proven was not made by plaintiff with defendant, and he could not set up such an agreement in his defense. The plaintiff had a right to demand toll of the defendant at the gate in advance of his actually traveling upon its road, and the facts admitted clearly show that the defendant is liable to the penalty for forcibly and illegally passing plaintiff's gate, as given by section 17 of the plank-road act of March 13, 1848. *Plank-road Co. v. Fisher*, 4 Mich. 43.

The fact that defendant thought the gate illegal is no defense. He intended to pass the gate without paying toll, which plaintiff had a right to demand.

The case was properly submitted to the jury by the court, and the defendant's requests properly refused. We see no error in the case as presented upon this record. The case is therefore affirmed, with costs.

SHERWOOD, C. J., CHAMPLIN and CAMPBELL, JJ., concurred. MORSE, J., did not sit.